## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CYNTHIA M. SHEAR,

     Plaintiff,

v.                              Case No: 8:22-cv-1077-CEH-AAS

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## ORDER

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Amanda Arnold Sansone (Doc. 23) and the Objections of Plaintiff Cynthia Shear (Doc. 24). Magistrate Judge Sansone has recommended that the Court **AFFIRM** the decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits and supplemental security income. Plaintiff raises arguments as to the findings of the Administrative Law Judge ("ALJ").

Having considered the Report and Recommendation and Objections, and being fully advised in the premises, the Court will **ADOPT** the Report and Recommendation of the Magistrate Judge, **OVERRULE** the Objections, and **AFFIRM** the decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits and supplemental security income.

## I.     BACKGROUND

Plaintiff Cynthia Shear applied for disability insurance benefits ("DIB") on November 14, 2019, and supplemental security income ("SSI") on September 14, 2020. App. 218, 226.  She alleged that she became unable to work because of her disabling conditions on October 23, 2019. *Id.*  Her medical conditions included chronic pain in her back, neck, left wrist and elbow, and right knee. App. 240.  She explained that she had tried to continue working after a prior period of disability, but that her pain had become too severe despite treatment. App. 260.

Plaintiff's application was denied on March 12, 2020, and again, upon reconsideration, on June 25, 2020, based on a finding that she was not disabled. App. 179, 183, 187.  The disability examiners determined that her condition was not severe enough to keep her from working, and that she was still capable of performing her past work as a dental receptionist. App. 151.  They relied on a consultative examination that occurred on March 5, 2020, in which Plaintiff was observed to be in no acute distress; she was able to change for the exam, get on and off the exam table without assistance, and to rise from a chair without difficulty; and the cane she was using did not appear to be medically necessary. App. 142.  As a result, her Residual Functional Capacity ("RFC") was found to correspond with her past relevant work. App. 145-148; App. 154-167.

On Plaintiff's request, a hearing was held on July 8, 2021 before Administrative Law Judge ("ALJ") Elving Torres. App. 24.  The ALJ heard testimony from Plaintiff and vocational expert Tennyson Wright. *Id.*  After reviewing the facts of the case, the

ALJ made a decision that was unfavorable to Plaintiff, concluding that she is not disabled under section 1614(a)(3)(A) of the Social Security Act. App. 17-18. He found that she has an RFC that would allow her to perform her past relevant work in the dental field. App. 14, 17-18.

In making this decision, the ALJ acknowledged Plaintiff's hearing testimony and other self-reports that her neck, back, and multi-joint pain is both constant and worsening, and that it limits her ability to perform her past work, walk short distances even with a cane, and sit or stand in one position for more than a few minutes before being overcome with pain. App. 15.   Nonetheless, the ALJ found that objective imaging and findings did not establish the severity or debilitating nature of her self-reported symptoms. *Id.*  Similarly, he found that the medical records showed that she had pursued largely conservative treatment, rather than hospitalizations or surgery, and that the conservative treatments had proven moderately successful for pain reduction. App. 15-16.  He also highlighted the findings of the state agency reviewers, the consultative examiner, and Plaintiff's self-reported activities of daily living ("ADLs"). App. 16-17.  In all, the ALJ concluded that the evidence failed to support the Plaintiff's assertions of a disability, and that she retained the ability to perform light exertional work. *Id.*

Plaintiff sought review of the ALJ's decision from the Appeals Council, which declined review. App. 1.   She then filed this action seeking review of the final administrative decision. Doc. 1.   In her Memorandum in Opposition to the Commissioner's Decision, Plaintiff requests a determination that the ALJ's decision

was not based on substantial evidence and a remand of the case for further consideration. Doc. 19.   Plaintiff first argues that the ALJ's decision was based on factual errors, including findings that she had received only one radiofrequency ablation and that it, along with epidural steroid injections and pain medications, was successful in reducing her pain to a level that would allow her to work. *Id.* at 3-6, 7-8. In addition, she contends that his finding that her ADLs supported a light exertion RFC was inconsistent with the evidence. *Id.* at 6-7.   Finally, she asserts that the ALJ's rejection of her subjective pain reports was inconsistent with her strong work history, which should entitle her to greater credibility. *Id.* at 8-11.

In response, the Commissioner argues that the ALJ's decision was supported by substantial evidence. Doc. 22.   Specifically, the medical records, her treatment history, her ADLs, and the medical consultants' findings all failed to establish that Plaintiff was as limited as she alleged or that her condition was of disabling severity. *Id.* at 7-12.   Although some of the evidence could support Plaintiff's subjective complaints, she failed to show the absence of substantial evidence that supported the ALJ's decision. *Id.* at 12-15.

Magistrate Judge Sansone issued a Report and Recommendation ("R&R") recommending that the ALJ's decision be affirmed. Doc. 23.   The magistrate court found that substantial evidence supported the ALJ's finding that Plaintiff largely pursued conservative treatment, despite his reference to only a single radiofrequency ablation, because the medical records he cited in his decision supported his conclusions. *Id.* at 6-9.   The magistrate court also found that the records supported the

4

ALJ's conclusion regarding her ability to perform ADLs and her pain level, noting that the reviewing court is not permitted to reweigh the medical evidence in Plaintiff's favor in such a scenario. *Id.* at 9-12.  Lastly, the magistrate court found that the ALJ explicitly considered Plaintiff's work history in his hearing decision, and was not required to expressly note such consideration when adjudicating the credibility of her pain allegations. *Id.* at 12-14.

Plaintiff has filed Objections to the R&R. Doc. 24.  She first argues that the magistrate court was wrong to allow a decision to stand that was based on statements of fact that it agreed were untrue. *Id.* at 2-3.  Next, she contends that the R&R used an improper standard to evaluate the evidence of her ADLs, because she was not asking the court to reweigh the medical evidence. *Id.* at 3-4.  Finally, Plaintiff argues that the R&R was wrong to deny the need to consider her work history when evaluating her credibility. *Id.* at 4-5.  The Commissioner has not responded to Plaintiff's Objections.

## II.   LEGAL STANDARD

Under the Federal Magistrates Act, Congress vests Article III judges with the power to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," subject to various exceptions. 28 U.S.C. § 636(b)(1)(A). The Act further vests magistrate judges with authority to submit proposed findings of fact and recommendations for disposition by an Article III judge. 28 U.S.C. § 636(b)(1)(B).  After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d

732 (11th Cir. 1982).  If specific objections to findings of facts are timely filed, the district court will conduct a *de novo* review of those facts. 28 U.S.C. § 636(b); *LoConte v. Dugger,* 847 F.2d 745, 750 (11th Cir. 1988).  If no specific objections to findings of facts are filed, the district court is not required to conduct a *de novo* review of those findings. *See Garvey v. Vaughn,* 993 F.2d 776, 779 n.9 (11th Cir.1993); *see also* 28 U.S.C. § 636(b)(1).  In that event, the district court is bound to defer to the factual determinations of the magistrate judge unless those findings are clearly erroneous. *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).  Legal conclusions must be reviewed *de novo. Id.*  Further, objections to a magistrate judge's report and recommendation must be "specific" and "clear enough to permit the district court to effectively review the magistrate judge's ruling." *Knezevich v. Ptomey*, 761 F. App'x 904, 906 (11th Cir. 2019).

## III.   DISCUSSION

Courts review a decision by the Commissioner of Social Security "to determine if it is supported by substantial evidence and based on proper legal standards." *Crawford v. Comm. Social Security*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quotation omitted).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.  Even if the evidence preponderates against the Commissioner's findings, [the Court] must affirm if the decision reached is supported by substantial evidence." *Id.* at 1158-59 (citations and quotations omitted).

Here, Plaintiff has raised three Objections to the R&R.  After independently reviewing the R&R, the parties' memoranda, the record, and Plaintiff's Objections, and conducting a *de novo* review of the magistrate court's legal conclusions and the factual conclusions to which Plaintiff objects, the Court overrules the Objections and adopts and approves the R&R.  It agrees with the magistrate court that substantial evidence supports the ALJ's hearing decision.  Each of Plaintiff's Objections will be addressed in turn.

### A. Inaccurate Statements Regarding Conservative Treatment

First, Plaintiff objects to the R&R's recommendation that the ALJ's decision should stand even though it was based on statements of fact that Plaintiff alleges the magistrate court admitted were incorrect. Doc. 24 at 2.  She also argues that the magistrate court impermissibly employed *post hoc* rationalization, and that it recommended upholding a decision that misleadingly focused on one aspect of the evidence while ignoring other parts of the record. *Id.* at 2-3.

With respect to the allegedly incorrect statements of fact, Plaintiff points to the ALJ's reference to only one radiofrequency ablation ("RFA"), which he stated was moderately successful for treating Plaintiff's pain. App. 16.  The ALJ made these statements in the context of finding that "the treatment [Plaintiff] has sought for [her] impairments has been substantially conservative and is not indicative of the painful and disabling limitations she alleges." *Id.*  In the R&R, the magistrate court concluded that substantial evidence supported this finding. Doc. 23 at 6-9.  While agreeing with Plaintiff that the ALJ "only explicitly discussed one of Ms. Shear's several RFA

procedures," the magistrate court noted that "nowhere in the ALJ's opinion does the ALJ explicitly make the incorrect statement that Ms. Shear had only one RFA procedure,"[1] and the ALJ referenced the medical records that documented her other RFA procedures in other parts of his decision. *Id.* at 7-8.   In addition, the R&R acknowledged that "the specific citations in the ALJ's opinion do not explicitly support the conclusion that Ms. Shear's steroid injections and medial branch block support reduced Ms. Shear's level of pain," but found that other records in the same exhibits confirmed she was experiencing a reduced level of pain from the conservative treatment regimen as of February 2021. *Id.* at 8-9.

In concluding that Plaintiff's conservative treatment for her back and neck pain did not reflect the severe level of pain and limitations she alleged, the ALJ stated:

> She had a radiofrequency ablation for her chronic back pain, which proved modestly successful for pain reduction (Exhibit B5F, p. 11; B12F, p. 168, 177; B15F, p. 45).   The claimant also utilized and/or had epidural steroid injections to her spine to help address breakthrough pain along with a medial branch block, which both proved moderately effective in reducing her pain, according to records. (Exhibit B5F, p. 153; B10F, p. 19; B15F, p. 8).

App. 16.   Although the ALJ stated that she had "a" RFA, rather than multiple, the citations in the excerpt above are to pages of medical records that document three RFAs: in March 2018 (App. 573 (B5F p. 153)), on December 16, 2019 (App. 431 (B5F p. 11); App. 648 (B10F p. 19)), and on June 25, 2020 (App. 960 (B15F p. 45)).   The cited records also support the ALJ's assertion that the RFA(s) were "modestly

---

[1] *Cf.* Doc. 24 at 2 ("The ALJ incorrectly asserted that Ms. Shear had only one radiofrequency ablation (RFA) to her spine[.]").

successful for pain reduction." *See* App. 831 (B12F p. 168); App. 840 (B12 F p. 177) (physical therapist states in February and March 2020 that "she has a nerve ablation so her back is feeling better").  The Court therefore finds that the ALJ's first statement was supported by the cited evidence and was not incorrect.

With respect to the ALJ's statement regarding the effect of epidural steroid injections and a medial branch block, the Court agrees that the specific citations that follow it do not expressly state that these treatments were effective in reducing Plaintiff's pain. Doc. 23 at 8.  However, one of the cited pages states that Plaintiff has "overall…improved 30 percent," describes her treatment methods as "a medial branch block, radio frequency ablation and trigger point injection," and notes that "home exercise program and heat" were helpful. App. 923 (B15F p. 8).  As such, this record is not inconsistent with the ALJ's statement—and it is fully consistent with the ALJ's overall finding that the treatment methods Plaintiff pursued were conservative. App. 15-16.

Plaintiff argues that the R&R employed improper *post hoc* rationalization in adopting the Commissioner's argument that "contemporaneous medical records from the same exhibits cited by the ALJ confirm as recently as February 2021 Ms. Shear was experiencing a reduced level of pain from her more conservative, non-surgical medical treatment regime." Doc. 24 at 2; Doc. 23 at 8-9.  "It is a foundational principle of administrative law that judicial review of agency action is limited to the grounds that the agency invoked when it took the action." *Dep't of Homeland Security v. Regents of the Univ. of Cal.*, 140 S.Ct. 1891, 1907 (2020) (quotations omitted).  An agency may

offer "a fuller explanation" of its reasoning at the time of the agency action, but it may not provide new reasons. *Id.* at 1907-08. In *Regents*, the Supreme Court held that an agency's appellate reasoning that "b[ore] little relationship" to that of the original justification, offering two additional, "separate and independently sufficient" reasons that were not mentioned in the original agency decision, constituted impermissible *post hoc* rationalization. *Id.* at 1908-09. Here, in contrast, the Commissioner merely pointed to additional pages of the same exhibits the ALJ cited that supported the ALJ's conclusion—a conclusion the ALJ made clear was based on "a thorough review of the evidence." App. 15. The Court finds that citing additional pages from the same records the ALJ reviewed and cited constitutes "a fuller explanation" of the agency's reasoning rather than an impermissible new reason. *Regents*, 140 S.Ct. at 1908. It was not error for the magistrate court to rely on them in its R&R.

With or without the additional cited pages, however, the Court agrees with the R&R that substantial evidence supports the magistrate court's finding that Plaintiff's conservative treatment regimen did not reflect the severe level of pain and limitations she alleged. There is no dispute that Plaintiff was not treated with surgical procedures or hospitalizations, and that there has been "no clinical objective finding" that her neck and back impairments prevent her from performing light activities. App. 15. Plaintiff instead prefers to rely on her subjective pain reports, which she contends the ALJ "ignor[ed]" in its focus on the conservative nature of her treatment. Doc. 24 at 2-3. But the ALJ discussed her self-reported pain and limitations in detail, citing nine different sources in addition to her hearing testimony. App. 16. He concluded that,

although her reports "may be sincere," they were not reflected in the objective evidence and records. The objective evidence included radiological imaging, her actual clinic diagnosis, the conservative nature of her treatment, and the opinions of state agency reviewers and a consultative examiner. *Id.* at 15-17. "As the reviewing Court, the question is not whether [the] ALJ could have reasonably credited [the] claimant's pain testimony, but whether the ALJ was clearly wrong to discredit it." *Mahon v. Comm'r of Soc. Sec.*, No. 8:16-cv-1462, 2017 WL 3381714, *9 (M.D. Fla. Aug. 7, 2017), quoting *Werner v. Comm'r of Soc. Sec.*, 421 Fed. App'x 935, 938-39 (11th Cir. 2011) (modifications omitted). The Court does not find that the ALJ was clearly wrong to weigh the objective evidence more heavily than Plaintiff's self-reports. Accordingly, Plaintiff's first objection is due to be overruled.

## B. Activities of Daily Living (ADLs)

Plaintiff next argues that the magistrate court relied on an incorrect standard when it found that substantial evidence supported the ALJ's assessment of her ADLs. Doc. 24 at 3-4. She asserts that the R&R failed to evaluate the evidence that the ALJ cited in support of his ADL finding, because it concluded, incorrectly, that Plaintiff was asking it to reweigh the medical evidence. *Id.* at 3. Plaintiff cites to her hearing testimony to assert that she was significantly limited in all ADLs due to her pain, arguing that the ALJ's cited evidence of ADLs did not support the conclusion that she was not disabled. *Id.*

Activities such as self-care and household tasks are generally not considered "substantial gainful activity." 20 C.F.R. § 404.1572(c). Therefore, it is well established

that "participation in everyday activities of short duration does not disqualify a claimant from disability where other evidence supports a finding of disability." *Stacy v. Comm'r, Soc. Sec. Admin.*, 654 F. App'x 1005, 1011 (11th Cir. 2016), citing *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997); *see also Martz. V. Comm'r, Soc. Sec. Admin.*, 649 F. App'x 948, 961-62 (11th Cir. 2016) (where ALJ discredited claimant's subjective reports because she could perform minimal daily activities, substantial evidence did not support decision).  On the other hand, the ALJ may consider daily activities among all other record evidence when making a residual functional capacity finding. *Macia v. Bowen*, 829 F.2d 1009, 1012 (11th Cir. 1987).  In *Stacy*, for example, the Eleventh Circuit found that substantial evidence supported the ALJ's decision that the claimant's testimony was only partially credible, when the testimony was inconsistent with objective medical evidence as well as the claimant's daily activities. 654 F. App'x at 1011 ("Stacy's daily activities…did not automatically imply that he is not disabled, but that does not mean that the ALJ erred by considering those activities as evidence of his ability to work in light of the other evidence in the record.").

Here, the Court finds that the ALJ did not automatically disqualify Plaintiff because of her daily activities, but properly considered them in the context of the entire record, including the medical evidence.  When describing Plaintiff's right knee dysfunction, the ALJ cited medical and clinical records in support of his conclusion that she "remained independent and ambulatory" after her surgery and extensive physical therapy, which "were effective in salvaging use and range of motion of her knee such that she can perform light exertional activities." App. 16.  The ALJ went on

to cite the "empirical evidence" of her post-surgery recovery, in that "by the spring of 2020, [she] was and is able to tend to her personal needs, prepare simple meals, do light household cleaning and laundry, shop, and drive a car." *Id.*, citing App. 264 *et seq.* The ALJ next determined that the state agency reviewers' opinion that she can perform light exertional work was consistent with the medical records as well as her ability to perform those daily activities. App. 16. The ALJ concluded that, "in evaluating the entirety of the record, the undersigned finds that the treatment measures employed for the claimant's neck, back, and musculoskeletal pain have been at least moderately effective and successful in addressing her pain and allowing her functional independence for light exertional activities." *Id.* at 17.

The ALJ's findings, including regarding Plaintiff's self-described ADLs, are supported by the records he cited. It is true that he did not incorporate the full extent of her hearing testimony about ADLs, such as her allegation that she experiences an increase in pain when she engages in housecleaning, *see* App. 284, into his decision. However, he did discuss the subjective pain allegations from Plaintiff's hearing testimony in detail, concluding that their reported severity was not supported by the remainder of the record evidence. *See* Section A, *supra*. As the magistrate court noted, this Court cannot reweigh the evidence in Plaintiff's favor. Doc. 23 at 10. Contrary to Plaintiff's argument, the ALJ's finding that she is capable of light exertional activity is backed by her documented ADLs as well as ample other cited evidence. *Cf.* Doc. 24 at 3. As such, the Court must conclude that substantial evidence supports the ALJ's decision.

### C. Work History as Evidence of Credibility

Lastly, Plaintiff challenges the magistrate court's conclusion that the ALJ's credibility determination regarding her subjective pain allegations was supported by substantial evidence despite the ALJ's failure to explicitly consider her work history. Doc. 24 at 4-5. She argues, as she did in her brief, that the Court should follow a requirement from other circuits that an ALJ consider a claimant's strong work history as a factor that supports the claimant's subjective pain assessment. *Id.*; *see* Doc. 19 at 8-11.

A claimant's "prior work record" is a factor to be considered when evaluating a claimant's subjective symptoms.[2] 20 C.F.R. § 404.1529(c)(3). However, the Eleventh Circuit does not require an ALJ to "specifically refer to every piece of evidence in his decision," as long as the decision "is not a broad rejection[.]" *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005); *Lewen v. Comm'r of Soc. Sec.*, 605 F. App'x 967, 968 (11th Cir. 2015) (same, "as long as the decision enables the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole"). As a result, most courts in this District have rejected Plaintiff's argument that an ALJ must *explicitly* refer to a claimant's work history when evaluating subjective symptoms, provided the ALJ's decision was not an unexplained rejection of the claimant's testimony and was based on the record as a whole. *See*, *e.g.*, *Stevens v.*

---

[2] A 2016 agency ruling removed the term "credibility" from Social Security Administration policy, clarifying that ALJs must instead consider "the extent to which the symptoms can reasonably be accepted as consistent with the objective medical and other evidence in the individual's record." SSR-163p, 2017 WL 5180304 (Oct. 25, 2017) (republished).

*Comm'r of Soc. Sec.*, No. 3:21-cv-715, 2023 WL 1433441, *10-11 (M.D. Fla. Feb. 1, 2023) (where the record made clear the ALJ was aware of plaintiff's work history and considered it in another context, he did not err in failing to explicitly discuss it during his subjective symptom evaluation, where the evaluation as a whole was supported by substantial evidence); *Faircloth v. Comm'r of Soc. Sec.*, No. 6:21-cv-782, 2022 WL 2901218, *4-5 (M.D. Fla. July 22, 2022) (same); *Amburgey v. Acting Comm'r of Soc. Sec.*, No. 3:20-cv-627, 2022 WL 950643, *4-5 (M.D. Fla. March 30, 2022); *Gordon v. Comm'r of Soc. Sec.*, No. 2:19-cr-890, 2021 WL 1207755, *10-11 (M.D. Fla. March 31, 2021); *Sickmiller v. Saul*, No. 8:19-cv-3087, 2021 WL 1186846, *7-8 (M.D. Fla. March 30, 2021); *Link v. Comm'r of Soc. Sec.*, No. 2:19-cv-564, 2020 WL 13413695, *7 (M.D. Fla. Aug. 5, 2020); *Neff v. Saul*, No. 8:18-cv-3040, 2020 WL 1181952, *5-6 (M.D. Fla. March 12, 2020).[3] These courts have observed that cases to the contrary may be "inconsistent with binding precedent requiring deference to a 'clearly articulated credibility finding with substantial supporting evidence.'" *Rios v. Acting Comm'r of Soc. Sec.*, No. 8:16-cv-152, 2017 WL 4216467, *10 (M.D. Fla. Sept. 22, 2017), quoting *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995). Plaintiff does not address these cases, nor the established Eleventh Circuit precedent that conflicts with the rule she asks the Court to apply.

---

[3] Other district courts in this Circuit have followed suit. *See, e.g.*, *Shelton v. Kijakazi*, No. CV 121-154, 2022 WL 3334454, *7-8 (S.D. Ga. July 22, 2022); *Wardell J. v. Saul*, No. 1:19-cv-04936, 2021 WL 2587970, *17-18 (N.D. Ga. March 30, 2021).

This Court acknowledges that Plaintiff maintained a strong work history despite her past disabling impairments, until the onset of her current alleged disability in October 2019. Doc. 24 at 4-5.   Nonetheless, it joins other courts in this District in finding that *explicit* consideration of that history as part of a subjective symptom evaluation is not required.[4]   As the magistrate court observed, the record demonstrates that the ALJ was aware of her work history and expressly considered it in other contexts. Doc. 23 at 13, citing App. 17-18, 29-34, 43-47.   Further, the Court finds that the ALJ's evaluation as a whole is supported by substantial evidence. *See* Sections A and B, *supra*. As a result, the ALJ did not err in his subjective symptom evaluation despite the existence of Plaintiff's work history.   Plaintiff's third objection is overruled.

Because the Court finds that substantial evidence supports the ALJ's hearing decision, it must be affirmed.

Accordingly, it is **ORDERED**:

1. The Objections of Plaintiff Cynthia Shear (Doc. 24) to the Report and Recommendation of the Magistrate Judge are **OVERRULED**.

2. The Report and Recommendation of the Magistrate Judge (Doc. 23) is **ADOPTED**, **CONFIRMED**, and **APPROVED** in all respects and is made a part of this Order for all purposes, including appellate review.

---

[4] Further, the Court disagrees with Plaintiff's unsupported assertion that this holding results in a "bias[] against persons who continuously try to work through numerous injuries and medical limitations." Doc. 24 at 5.  There is no indication that the ALJ considered her work history as a factor against her in his subjective symptom evaluation.

3. The decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits and supplemental security income is **AFFIRMED.**

4. The Clerk is directed to enter judgment in favor of the Acting Commissioner of Social Security and against Plaintiff Cynthia Shear.

5. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on August 14, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties